# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MICHAEL E. PARKER, Sr.,**                )   | |
|                                                             )   | |
|           **Plaintiff,**                              )   | |
|                                                             )   | **CIVIL ACTION** |
| v.                                                      )   | |
|                                                             )   | No. 11-2541-JWL |
|                                                             )   | |
| **MICHAEL J. ASTRUE,**                    )   | |
| **Commissioner of Social Security,**  )   | |
|                                                             )   | |
|           **Defendant.**                            )   | |
| _____  )   | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits (DIB) and supplemental security income (SSI) under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act.  42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). The matter is currently before the court on Plaintiff's "Motion to Enter All Statements Medical and Medical Research."  (Doc. 17) (hereinafter Pl. Mot.).

In his motion, Plaintiff asks the court to order the Commissioner to take new and material evidence pursuant to sentence six of 42 U.S.C. § 405(g).  (Pl. Mot. 1) (citing Chambers v. Barnhart, 389 F.3d 1139, 1142 (10th Cir. 2004)).  Plaintiff attached certain evidence to his motion that he seeks to have admitted before the Commissioner,

consisting of: (1) eight pages of correspondence among Plaintiff, his senator, and the Social Security Administration (SSA), Office of Disability Adjudication and Review (ODAR); (2) three pages relating to the Notice of Appeals Council Action; (3) one page containing a portion of a Radiology Report regarding an MRI of Plaintiff's lumbar spine, dated February 10, 2009, from the University of Kansas Hospital; (4) ten pages containing an article entitled "Degenerative Spine Disease," by John R. Hesselink, MD, FACR, apparently printed from the University of California at San Diego's web site; (5) one page containing an article from the internet entitled "Foraminal Stenosis Symptoms Can Often Be Minimized or Even Eliminated with Laser Spine Surgery," and attributed only to "The Spinal Columns;" and (6) one page containing a treatment note regarding Plaintiff signed by S. R. Reddy Katta, M.D., and dated October 10, 2011. (Doc. 17, Attach. 1) (hereinafter Exhibits).

The Commissioner construed Plaintiff's motion as a motion for sentence six remand, and filed a response. (Doc. 18) (hereinafter Response). He argues that the evidence numbered (2), (3), and (5) are already contained in the administrative record in this case, are not new evidence, and have already been considered by the SSA. (Response 1-2). He argues that the evidence numbered (1) (correspondence) is not material to consideration of the question of disability, because it does not relate to the nature or severity of Plaintiff's impairments, nor to his ability to perform basic work-related activities. (Response 2). The Commissioner argues that the evidence numbered (4) is a

medical article relating to degenerative spine disease in general, does not directly address Plaintiff's individual condition or circumstances, and is therefore not material to the question of disability in this case. (Response 2). Finally, the Commissioner notes that the treatment note signed by Dr. Katta (evidence numbered (6)) relates to an office visit on October 10, 2011which was more than nine months after the Administrative Law Judge's (ALJ) decision and one month after the Appeals Council denied Plaintiff's request for review, and is not relevant to the time period which the Commissioner's final decision considered. Id. He argues that if Plaintiff believes this later evidence shows a subsequent deterioration in his condition, or supports a finding of disability, he should file a new claim for benefits. Id. at 3.

Plaintiff filed a reply, arguing that the court should order that the evidence attached to his motion be admitted. (Doc. 19) (hereinafter Reply). Plaintiff argues that Dr. Katta's treatment note (evidence numbered (6)) should be admitted because it does not relate to a new impairment, but is "about the same condition that the other report[s in the administrative record] are about." (Reply 1). He argues that the internet medical research (evidence numbered (4)) supports his arguments regarding credibility, supports Dr. Katta's treatment note (evidence numbered (6)), and demonstrates the error in the radiology report (evidence numbered (3)). Id. at 1-2. Plaintiff argues that the correspondence (evidence numbered (1)) is necessary to set the background of this case and that the Appeals Council provided instructions on how to file a civil action with

3

additional evidence listed in the "Notice of Appeal Council Decision." (Reply 2). Plaintiff asserts he is not asking the court to guess whether the new evidence undermines the ALJ's decision, but argues that the ALJ's decision was not a fair decision without the additional evidence, and asserts that he is asking the court to order the new evidence admitted so that the Commissioner is able to "make a fair Decision in Justice." Id. at 3.

The court notes that Plaintiff proceeds pro se before this court. Consequently, the court construes his pleadings, motions, briefs, and memoranda liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Travis v. Park City Mun. Corp., 565 F.3d 1252, 1254 (10th Cir. 2009). However, the court will not assume the role of advocate for Plaintiff. Garrett v. Selby Conner Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

The court's jurisdiction and review in Social Security cases is guided by the Social Security Act. Weinberger v. Salfi, 422 U.S. 749, 763 (1975) (citing 42 U.S.C. § 405(g)); Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009) (same); Brandtner v. Dep't of Health and Human Servs., 150 F.3d 1306, 1307 (10th Cir. 1998) (sole jurisdictional basis in social security cases is 42 U.S.C. § 405(g)). Section 405(g) of the Act provides for judicial review of a final decision of the Commissioner made after a hearing in which the Plaintiff was a party.

As the Commissioner argues, sentence six of 42 U.S.C. § 405(g) authorizes the court to "order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that

there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. 42 U.S.C. § 405(g) (emphases added). The Tenth Circuit has explained that, "[i]n order to find a remand appropriate [pursuant to sentence six], we normally must determine that the new evidence would have changed the Secretary's decision had it been before him. Implicit in this requirement is that the proffered evidence relate to the time period for which the benefits were denied." Hargis v. Sullivan, 945 F.2d 1482, 1493 (10th Cir. 1991) (citations omitted) (citing Cagle v. Califano, 638 F.2d 219, 221 (10th Cir. 1981); Johnson v. Heckler, 767 F.2d 180, 183 (5th Cir. 1985)).

>   The legal authority Plaintiff cites presents the standard somewhat differently:
>
>   The relevant principles we have recognized may be summarized as follows. Under 20 C.F.R. §§ 404.970(b) and 416.1470(b), the Appeals Council must consider evidence submitted with a request for review if the additional evidence is (a) new, (b) material, and (c) related to the period on or before the date of the ALJ's decision.

Chambers, 389 F.3d at 1142. The authority cited by Plaintiff applies more precisely to evidence which has been presented to the Appeals Council along with a request for review. However, part of the evidence Plaintiff presents with his motion here was also presented to the Appeals Council (R. 4-5, 253-97, 483-517). And, Plaintiff's Reply may be read to suggest that the ALJ's decision was not a fair decision because it did not rely upon the evidence presented to the Appeals Council. (Reply 2-3) (referring to the "additional evidence listed on the Notice of Appeal Council Decision" and, the ALJ decision "was not a fair Decision without all the evidence"). The standard for sentence

six remand is substantially the same as the standard cited by Plaintiff. Therefore, in order to determine whether sentence six remand is appropriate here, the court must determine whether the evidence presented is new, material, and chronologically relevant. If so, remand is necessary for the Commissioner to consider the evidence.

The court agrees with the Commissioner that the evidence relating to the Notice of Appeals Council Action, the February 10, 2009 Radiology Report, and the internet article relating to "Foraminal Stenosis Symptoms" (evidence numbered (2), (3), and (5)) are already contained in the administrative record in this case, and consequently cannot qualify as "new" evidence justifying remand pursuant to sentence six. The entire "Notice of Appeals Council Action" (evidence numbered(2)) appears at pages 1 - 6 in the administrative record. (R. 1-6). Therefore, it is not "new" evidence. The court notes that the eleventh page of Plaintiff's exhibits appears to be a copy of the mailing labels for the Appeals Council's Notice, and does not appear in the administrative record. Nonetheless, those labels simply are not relevant to any issue regarding whether Plaintiff is disabled within the meaning of the Act, and are not "material" to disability.

The February 10, 2009 Radiology Report at page 12 of Plaintiff's exhibits (evidence numbered (3)) appears in the administrative record three times, at pages 264, 283, and 509. (R. 264, 283, 509). It is not "new" evidence. Moreover, although it is in a different format, a "Radiological Report" of the February 10, 2009 MRI of Plaintiff's lumbar spine also appears in the administrative record at pages 396 and 397. (R. 396-97).

The "meat" of the report appearing at pages 396-97 beginning with the word "EXAM:" and ending with the word "IMPRESSION:" is word-for-word identical to the "Radiology Report" contained in Plaintiff's exhibits and at the other three places in the administrative record.  Compare (R. 396-97); with (R. 264, 283, 509); and (Exhibits, 12).  The single page internet article relating to "Foraminal Stenosis Symptoms" at page 23 of Plaintiff's exhibits (evidence numbered (5)) appears twice in the administrative record, at pages 266, and 510.  (R. 266, 510).  It does not qualify as "new" evidence.

With the exception of the "Radiological Report" at pages 396-97, the February 10, 2009 "Radiology Report" and the single page internet article relating to "Foraminal Stenosis Symptoms" appear in the administrative record in exhibits which were not before the ALJ when he wrote his decision in this case.  They appear in the administrative record in exhibits 17E, 19E, and 24F.  (Doc. 16, Attach. 3, Exhibit A-2) (Court Transcript Index); see also (R. 264, 266, 283, 509, 510).  Each of these exhibits were first presented by Plaintiff to the Appeals Council, and the Appeals Council made them a part of the administrative record in this case.  (R. 5).  Plaintiff may be arguing that because the ALJ did not review this evidence, the case must be remanded so that an ALJ may review the evidence and make a decision based upon this evidence.  The fact that this evidence was never reviewed by an ALJ does not require remand.

The court in Chambers recognized the possibilities which exist when a claimant submits evidence to the Appeals Council after an ALJ has made his decision, which

evidence potentially qualifies as new, material, and chronologically relevant, and the court explained how it will address each possibility. Chambers, 389 F.3d at 1142:

> If the evidence does not qualify, it plays no further role in judicial review of the Commissioner's decision. If the evidence does qualify and the Appeals Council considered it in connection with the claimant's request for administrative review (regardless of whether review was ultimately denied), it becomes part of the record we assess in evaluating the Commissioner's denial of benefits under the substantial-evidence standard. Finally, if the evidence qualifies but the Appeals Council did not consider it, the case should be remanded for further proceedings.

Chambers, 389 F.3d at 1142 (citations omitted) (emphasis added). As to the "Radiology Report" and the single page internet article at issue here, when they were presented to the Appeals Council, the Council apparently determined they qualified as new, material, and chronologically relevant evidence. Therefore, in accordance with Chambers, if the Appeals Council considered the evidence, the court will consider it in its judicial review of the Commissioner's decision. If the Appeals Council did not consider the evidence, the court will remand for further proceedings for the Commissioner to consider the evidence.

In its "Notice of Appeals Council Action," the Appeals Council specifically stated that it had "considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of the Appeals Council." (R. 1) (emphasis added). Page 5 in the administrative record is a document entitled "Order of Appeals Council," and that order states, "[t]he Appeals Council has received additional evidence which it is making part of the record." (R. 5). That order includes Exhibits 17E, 19E, and 24F. Id.

Clearly, the Appeals Council considered this evidence in denying Plaintiff's request for review of the ALJ's decision, and it stated that in doing so it "found that this information does not provide a basis for changing the Administrative Law Judge's decision." (R. 2). Therefore, the court will consider this information which was previously included in the record, in performing its review of the ALJ's decision. This evidence (numbered (2), (3), and (5)) is already a part of the record and does not justify a sentence six remand.

The correspondence (evidence numbered (1)) does not justify sentence six remand because, as the Commissioner argues, it does not relate to the nature or severity of Plaintiff's impairments, or to his ability to perform work-related activities, and is therefore, not relevant to the Commissioner's consideration of the question of disability. Plaintiff's argument that the correspondence is necessary to set the background of the case is unavailing because although the correspondence reveals that Plaintiff contacted his senator, and that the senator and the SSA ODAR corresponded, it says nothing affecting the issues which the Commissioner decided in evaluating disability. The correspondence is simply not relevant to the question of disability.

Although the ten-page internet article entitled "Degenerative Spine Disease," (evidence numbered (4)) relates to a condition which Plaintiff claims affects him, the article says nothing regarding the specific symptoms, appearance, or physical condition of Plaintiff's spine in particular. Therefore, it is not evidence which is material to the question of disability in this case and will not justify a sentence six remand. However, it

9

is medical authority which Plaintiff may cite to this court in any argument he may make in his Social Security Brief alleging medical error in the ALJ's decision at issue. In his response, the Commissioner may make any appropriate argument regarding the applicability of, or weight which should be accorded to, that authority.

Finally, and perhaps of greatest significance in this case, Plaintiff claims that remand is necessary for the Commissioner to consider Dr. Katta's treatment note dated October 10, 2011 (evidence numbered (6)). The Commissioner argues that the treatment note relates to an office visit which occurred more than nine months after the decision at issue and a month after the Appeals Council denied review of the decision, and that the treatment note is not relevant to the time period to which the ALJ's decision relates. The court agrees with the Commissioner. The evidence is "new" in the sense that it was not in existence at the time the ALJ made her decision in this case. It is "material" in the sense that it relates to the nature and severity of Plaintiff's impairments and to disability in this case. However, it is not "chronologically relevant" or "related to the period on or before the date of the ALJ's decision." Chambers, 389 F.3d at 1142.

The ALJ's decision in this case was issued on December 21, 2010. (R. 19). It became the Commissioner's "final decision" when the Appeals Council denied review on September 13, 2011. (R. 1). The court's jurisdiction is limited by 42 U.S.C. § 405(g) to a "final decision of the Commissioner of Social Security." Finality demands that a claimant not be allowed to continually supply new evidence after the decision is made, and in each

instance require that the case be remanded to the Commissioner, <u>ad infinitum</u>.  The decision at issue was made on December 21, 2010.  Evidence secured thereafter and timely submitted to the Appeals Council was included in the administrative record and considered by the Appeals Council in deciding whether to review the ALJ's decision.  (R. 1-6).  When the Council declined review, the ALJ's decision became the "final decision of the Commissioner."  Evidence which was not in existence such that it might have been timely submitted to the Appeals Council cannot be considered to be "chronologically relevant," and will not justify a sentence six remand.  Therefore, none of the evidence submitted by Plaintiff justifies a sentence six remand, and his motion must be denied.

      The next major event to take place in this case will be the court's review of the final decision.  Plaintiff is reminded that in accordance with D. Kan. Rule 83.7.1(d), he is required to file a Social Security Brief conforming to the requirements of D. Kan. Rule 7.6 within forty-five days after the date on which the Commissioner filed his answer in this case.  In his brief, Plaintiff should identify the specific errors he believes were made in the decision, and point to evidence in the administrative record which he believes supports his arguments.  Plaintiff's Social Security Brief is currently due to be filed no later than February 20, 2012.  If Plaintiff is in need of additional time to prepare his Social Security Brief, he may make a motion to the court seeking additional time in accordance with D. Kan. Rule 6.1.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to remand pursuant to sentence six of 42 U.S.C. § 405(g) (Doc. 17) is denied.

Dated this 31st day of January 2012, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**