### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MICHAEL E. PARKER, Sr.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 11-2541-JWL** |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

### MEMORANDUM AND ORDER

Plaintiff, appearing before the court pro se,[1] seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits (DIB) and supplemental security income (SSI) under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act.  42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act).  Finding error in the ALJ's residual functional capacity (RFC) assessment and in her evaluation of the third-party lay opinions, the court ORDERS that the Commissioner's decision is REVERSED, and that judgment shall be

---

[1] Because Plaintiff proceeds pro se before this court, the court construes his pleadings, motions, briefs, and memoranda liberally.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Travis v. Park City Mun. Corp., 565 F.3d 1252, 1254 (10th Cir. 2009). But, the court will not assume the role of advocate for Plaintiff.  Garrett v. Selby Conner Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings.

**I.     Background**

Plaintiff applied for both DIB and SSI on August 15, 2008, alleging disability beginning April 1, 2005.  (R. 12, 123-33).[2]  The applications were denied initially and upon reconsideration, and Plaintiff requested a hearing before an Administrative Law Judge (ALJ).  (R. 12, 72-75, 97-98).  Plaintiff's request was granted, and Plaintiff (who was represented by counsel before the Commissioner) appeared with counsel for a video hearing before ALJ Mary Ann Lunderman on October 22, 2010.  (R. 12, 24-45, 99-119).  At the hearing, testimony was taken from Plaintiff.[3]  (R. 12, 28-44).  On December 21, 2010, ALJ Lunderman issued a decision in which she found that Plaintiff has the RFC to

---

[2]In his Social Security Brief, Plaintiff cites to the administrative record as "Exhibit (A-[x]) pg. [x]" (Docs. 21-25, passim), where Exhibit A-x refers to the Commissioner's attachment of the administrative record to his Answer in this case, and to the Commissioner's further designation of those attachments as "Exhibit A-1" through "Exhibit A-11," and where the page number used by Plaintiff refers to the sequential page number appearing in the lower right hand corner of each page in the administrative record.  (Doc. 16).  In this opinion, the court cites the administrative record merely by using the sequential page number in the lower right hand corner of each page in the administrative record.  The court assumes that the parties, or a reviewing court, will use the "Court Transcript Index" (Doc. 16, Attach. 3, Ex. A-2) to locate in the court's files the page to which this court cites.

[3]Although the decision states that a vocational expert, Alissa Smith, appeared at the hearing, the transcript of the hearing provides no indication that a vocational expert (or Alissa Smith) appeared.  (R. 24-45).  Moreover, the administrative record does not contain a resume of a vocational expert, and does not contain a vocational expert report, and neither party's brief alludes to a vocational expert appearing before the Commissioner.

perform his past relevant work, both as it is generally performed and as Plaintiff actually performed it.  (R. 12-18)  Alternatively, the ALJ found at step five that other jobs that Plaintiff can perform exist in the economy in significant numbers.  Id. at 18-19.  Therefore, the ALJ concluded that Plaintiff is not disabled within the meaning of the Act, and denied his applications.  (R. 19).

Plaintiff disagreed with the ALJ's decision, and sought review by the Appeals Council.  (R. 7-8).  His counsel submitted a "Representative Brief" for the Council's consideration.  (R. 253-55).  Plaintiff and his counsel supplied additional evidence to the Council which the Council received, made a part of the administrative record, and considered in deciding whether to review the ALJ's decision.  (R. 1-5, 253-97, 483-517).  Nonetheless, the Appeals Council determined that neither the additional evidence nor the arguments of Plaintiff or his counsel provided a basis to change the ALJ decision and that there was no reason under the rules to review the decision, and the Council denied Plaintiff's request for review.  (R. 1-5).  Therefore, the ALJ's decision is the final decision of the Commissioner.  (R. 1); Blea v. Barnhart, 466 F.3d 903, 908 (10th Cir. 2006).

Plaintiff, now pro se, seeks judicial review.  (Doc. 1).  Plaintiff sought to introduce additional evidence into the case.  (Doc. 17).  The court construed Plaintiff's motion as a motion to remand pursuant to sentence six of 42 U.S.C. § 405(g) for consideration of new, material, and chronologically relevant evidence, and denied the motion because, among other reasons, the evidence was not chronologically relevant.  (Doc. 20).

Thereafter, Plaintiff filed five documents (Docs. 21-25) which the court construes collectively as Plaintiff's Social Security Brief. (Doc. 26). The Commissioner filed his responsive brief (Doc. 27) (hereinafter Comm'r Br.), Plaintiff has filed his reply (Docs. 28, 30), and the case is ripe for decision.

## II. Legal Standard

The court's jurisdiction and review are guided by the Act. Weinberger v. Salfi, 422 U.S. 749, 763 (1975) (citing 42 U.S.C. § 405(g)); Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009) (same); Brandtner v. Dep't of Health and Human Servs., 150 F.3d 1306, 1307 (10th Cir. 1998) (sole jurisdictional basis in social security cases is 42 U.S.C. § 405(g)). Section 405(g) of the Act provides for review of a final decision of the Commissioner made after a hearing in which the Plaintiff was a party. It also provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind might accept to support a conclusion. Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health &

Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  Whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual can establish that he has a physical or mental impairment which prevents him from engaging in any substantial gainful activity, and which is expected to result in death or to last for a continuous period of at least twelve months.  Thompson v. Sullivan, 987 F.2d 1482, 1486 (10th Cir. 1993) (citing 42 U.S.C. § 423(d)); see also, Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir. 1985) (quoting identical definitions of a disabled individual from both 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A));  accord, Lax, 489 F.3d at 1084 (citing 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).  The claimant's impairments must be of such severity that he is not only unable to perform his past relevant work, but cannot, considering his age, education, and work experience, engage in any other substantial gainful work existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner uses a five-step sequential process to evaluate disability.  20 C.F.R. §§ 404.1520, 416.920 (2010); Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting

Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's RFC.  20 C.F.R. §§ 404.1520(e), 416.920(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining whether claimant can perform past relevant work; and whether, considering vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work.  Blea, 466 F.3d at 907; accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy within Plaintiff's capability.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff asserts numerous errors in the ALJ's decision, but his primary claims can be condensed to three.  First, the ALJ should have found that Plaintiff's degenerative disc disease and degenerative joint disease establish disability based upon Dr. Katta's treatment notes (R. 268), a radiology report of an MRI of Plaintiff's lumbar spine from the University of Kansas Hospital (R. 283), an internet article regarding "Foraminal

Spinal Stenosis" by The Spinal Columns (R. 266), and an article entitled "Degenerative Spine Disease," by John R. Hesselink, MD, FACR, available at: http://spinwarp.ucsd.edu/NeuroWeb/Text/sp-700.htm#anchor246419 (last viewed 4/05/2012).  (Docs. 21, 22, 23).  Second, the ALJ did not address the third-party opinion of Janie Greene.  Id. (citing (R. 234-36)).  And, third the ALJ committed errors as alleged in the "Representative's Brief" submitted to the Appeals Council by Plaintiff's counsel before the agency.  (Docs. 21, 22, 25) (citing (R. 253-55) (listing 10 allegations of error)).

The Commissioner filed his Response Brief (Doc. 27) on March 22, 2012, and although he did not specifically address each error alleged by Plaintiff, he argued that substantial evidence supports the ALJ's evaluation of Plaintiff's impairments, her evaluation of Plaintiff's residual functional capacity, and her alternative findings that Plaintiff could perform his past relevant work or other jobs in the economy.  Moreover, in addressing the ALJ's RFC assessment, the Commissioner argued that the failure to discuss Ms. Greene's opinion was harmless error.  (Comm'r Br. 10).

So far, Plaintiff has filed two documents which the court construes as a Reply Brief (Docs. 28, 30), reiterating and elaborating on the arguments in his Social Security Brief.  When the court began considering the issues raised by Plaintiff, it noticed an argument in Plaintiff's Social Security Brief which might be construed to allege that the Commissioner did not provide a copy of the administrative record to Plaintiff in this case, and it ordered the Commissioner to file a Surreply Brief addressing that issue.  (Doc. 29).  The Commissioner filed his Surreply Brief, certifying that the agency had in fact provided

a copy of the administrative record to Plaintiff along with its answer in this case. (Doc. 31). Moreover, the Commissioner points out that in his briefing before this court Plaintiff has cited to the correct page number in the administrative record. Id. at 2. As the court noted in its order requiring a Surreply Brief, it was inclined to find that Plaintiff was in fact provided a paper copy of the administrative record along with the Commissioner's answer in this case. (Doc. 29, p.2). Therefore, based upon the Commissioner's certification that he provided a copy of the administrative record to Plaintiff and upon Plaintiff's citation to the record in his Social Security Brief, the court finds that the Commissioner provided a copy of the administrative record to Plaintiff. This case is now ripe for judicial review.

As noted above and explained below, the court finds error requiring remand in the ALJ's residual functional capacity (RFC) assessment and in her evaluation of the third-party lay opinions. Therefore, these issues will be fully considered and explained, but the court will address Plaintiff's remaining allegations of error only briefly where necessary in this opinion.

## III.  Evaluation of Third-Party Opinion Evidence.

Plaintiff points to the third-party opinions of Shirley Brown, Norma Jean Parker, and Janie Greene, and notes that the ALJ considered the opinions of Shirley Brown and Norma Jean Parker and afforded them little weight, but did not even address the opinion of Janie Greene. (Docs. 22, 23). The Commissioner admits that the ALJ did not mention Ms. Greene's opinion, but explains why, in his view, the opinion does not "bolster

8

Plaintiff's allegations of disabling limitations." (Comm'r Br. 10). Finally, he argues that the record does not show the relationship between Plaintiff and Ms. Greene, and asserts that the failure to discuss the opinion is harmless error. Id.

As Plaintiff suggests, the ALJ discussed the opinions of Shirley Brown and Norma Jean Parker:

> Shirley Brown, the Claimant's fiancee and Norma Jean Parker the Claimant's mother have both submitted third party functional reports. Ms. Brown and Ms. Parker are not neutral and disinterested third party observers, and are expected to be sympathetic to the claimant. Furthermore, the observations are not consistent with the objective medical evidence or the claimant's treatment history. As such, I have considered the opinions but afford them little weight.

(R. 18).

In 1996 the Tenth Circuit "decline[d] claimant's invitation to adopt a rule requiring an ALJ to make specific written findings of each witness's credibility, particularly where the written decision reflects that the ALJ considered the testimony." Adams v. Chater, 93 F.3d 712, 715 (10th Cir. 1996). Thirteen years later, the Tenth Circuit confirmed the rule that an ALJ is not required to make specific written findings of credibility regarding third-party testimony if the written decision reflects that the ALJ considered the testimony. Blea, 466 F.3d at 915.

Here, there is no indication in the written decision that the ALJ considered Ms. Greene's opinion beyond the bald assertion that the ALJ made her RFC assessment "[a]fter careful consideration of the entire record." (R. 16). While, it is the court's general practice "to take a lower tribunal at its word when it declares that it has

9

considered a matter," <u>Hackett</u>, 395 F.3d at 1173, the circumstances of this case leave the court wondering whether the ALJ was even aware that the record contained Ms. Greene's opinion.

The "Court Transcript Index" identifies Exhibit 9E as a "3rd Party Function Report - Adult, dated 12/08/2008, from Shirl[e]y Brown," and Exhibit 10E is identified as a "3rd Party Function Report - Adult, dated 12/11/2008, from Norma Jean Parker."  (Doc. 16, Attach. 3, Ex. A-2, p.2 of 3).  However, review of the actual exhibits reveals that despite their similar identification, the two exhibits are quite different.  Exhibit 9E is a "Function Report - Adult (Third Party)" (Form SSA-3380-BK) filled out by Shirley Brown, who identifies herself as Plaintiff's "Friend."  (R. 219-26).  Exhibit 10E, on the other hand, consists of three "Third Party Disability Questionnaires" completed by three different individuals.  (R. 228-36).  The first was completed by Norma Jean Parker, who states that Plaintiff is her son (R. 228-30); the second by Shirley M. Brown, who states she has known Plaintiff "almost 7 yrs" (R. 231-33), and the third by Janie Greene, who states she has known Plaintiff "15 yrs +."  (R. 234-36).  Each of the questionnaires in Exhibit 10E is dated 12/11/2008.  (R. 230, 233, 236).

In the decision, the ALJ stated that Shirley Brown and Norma Jean Parker "both submitted third party functional reports."  (R. 18).  While this terminology adequately identifies the reports contained in both Exhibit 9E and Exhibit 10E, and is properly interchangeable when referring to both kinds of reports at issue, it does not acknowledge that the specific reports in each exhibit are different.  It does not acknowledge that Shirley

Brown actually completed both a third party function report and a "Third Party Disability Questionnaire." The ALJ identified Shirley Brown as Plaintiff's fiancee, but she did not cite to the record evidence from which she determined that information. Moreover, although Plaintiff testified that he helped his fiancee around the house sometimes, he did not identify his fiancee (R. 35), and Ms. Brown identified Plaintiff as a friend and as her son's father (R. 219), but she did not call herself Plaintiff's fiancee in either document. Further, Ms. Brown stated that she had known Plaintiff since 2002 (R. 219) or "almost seven yrs." (R. 231), and stated she sees Plaintiff "everyday" (R. 231) and spends "all the time" with him (R. 219), whereas Ms. Greene stated she has known Plaintiff "15 yrs +" and sees him "often." (R. 234). The Commissioner's argument that the record does not show the relationship between Plaintiff and Ms. Greene, while technically correct, ignores Ms. Greene's statements that she has known him more than 15 years and sees him often.

Finally, the ALJ did not cite to either Exhibit 9E and/or Exhibit 10E, individually or collectively, as the basis for her findings regarding the reports of Ms. Brown or Ms. Parker, so it is not clear whether she was even aware that Ms. Brown completed two documents. Most importantly, the decision contains no mention or acknowledgment by the ALJ that Ms. Greene provided a third-party opinion regarding Plaintiff's abilities and limitations. Since Ms. Greene's questionnaire is the third document in Exhibit 10E, appearing on pages eight thru ten of that exhibit and is not identified in the list of exhibits, and Ms. Brown's questionnaire is the second document in Exhibit 10E and is not identified in the list of exhibits, and the ALJ did not acknowledge that Ms. Brown

provided two documents containing her opinion, it is at least conceivable that the ALJ simply overlooked Ms. Greene's questionnaire in her review and consideration of the evidence.

In these circumstances, the court is unable to find that the ALJ's failure to discuss Ms. Greene's testimony is harmless error. In the Tenth Circuit, an ALJ is not required to make specific written findings of credibility regarding third-party testimony, but only if the written decision reflects that the ALJ considered the testimony. Here, there is no indication in the written decision that the ALJ was even aware of Ms. Greene's opinion. In the circumstances, remand is necessary for the ALJ to consider that opinion.

## IV.   RFC Assessment

Much of Plaintiff's argument merely points to evidence that he has degenerative joint disease, degenerative disc disease, lung disease, headaches, and depression. He argues that he was instructed to use a knee brace and a cane, and points to medical literature explaining the potential effects of degenerative disc disease. Based upon this evidence and the medical literature, Plaintiff argues that the evidence establishes that his impairments are disabling. However, Plaintiff does not recognize that he must show more than the mere presence of a condition or ailment. Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997) (citing Bowen v. Yuckert, 482 U.S. 137, 153 (1987)). He must show more than the mere fact that impairments such as his can be disabling in certain circumstances, he must show that the impairments are so limiting in his case that they preclude the performance of all substantial gainful work activity. Plaintiff makes many

conclusory arguments that his impairments are disabling, and even points to a list of ten "Reasons for Reversal of ALJ Decision" presented in his counsel's "Representative Brief" before the Appeals Council. (R. 254). However, most of those allegations do not direct the court to specific errors in the decision, which are confirmed by record evidence demonstrating error. Moreover, the court may not assume the role of advocate for Plaintiff. While the court makes "some allowances for 'the [pro se] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements [,]' Hall [v. Bellmon], 935 F.2d [1106, 1110 (10th Cir. 1991)], the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." Garrett, 425 F.3d at 840.

Nevertheless, Plaintiff's brief makes an argument with regard to the ALJ's RFC assessment which demonstrates error in the decision and necessitates remand for a proper RFC assessment. One of the reasons presented as error in the "Representative's Brief," and cited by Plaintiff is that the "decision does not contain a function-by-function assessment of the Claimant's ability to perform work-related physical and mental activities." (R. 254). Plaintiff argues that Dr. Katta's treatment notes and the report of Plaintiff's lumbar spine MRI, in light of the "Foraminal Stenosis" article and Dr. Hesselink's article regarding degenerative disc disease explain how the ALJ erred in failing to perform a function-by-function assessment of his ability to perform work-related activities. (Doc. 21, pp.3-4); (Doc. 22, p.3); (Doc. 25, p.2).

The Commissioner argues that substantial record evidence supports the ALJ's RFC assessment. He notes that "the ALJ determined Plaintiff retained the RFC to perform a full range of medium work as defined in the regulations," and explains that such work requires lifting no more than 50 pounds, frequently lifting and carrying up to 25 pounds, standing and walking about six hours in a workday and intermittent sitting in a workday. (Comm'r Br. 6). The Commissioner notes that the ALJ had considered both the credibility of Plaintiff's allegations of symptoms and the opinion evidence in assessing RFC, and he explains how, in his view, substantial record evidence supports the credibility determination and the RFC assessment. (Comm'r Br. 6-10). As relevant here, the Commissioner points out that the ALJ considered the medical opinion of Dr. Raju who had reviewed the record evidence, indicated that Plaintiff's alleged limitations were not supported by the objective medical evidence, and determined Plaintiff could lift and carry 50 pounds occasionally and 25 pounds frequently, and could stand and/or walk, or sit for about six hours in a workday. (Comm'r Br. 9). He argues that the ALJ gave great weight to Dr. Raju's opinion because it was consistent with the record as a whole. Id.

### A.     Standard for Assessing RFC

The Commissioner has promulgated regulations regarding assessment of RFC. 20 C.F.R. §§ 404.1545-1546, 416.945-946. In assessing RFC, the Commissioner is to consider a claimant's abilities to meet the demands of work despite his impairment(s). Id. at §§ 404.1545, 416.945. The assessment is to consider physical abilities such as sitting, standing, walking, lifting, carrying, pushing, pulling, reaching, handling, stooping, and

crouching; mental abilities such as understanding, remembering, and carrying out instructions; responding appropriately to supervision, co-workers, and work pressures; other abilities such as hearing and seeing; and the ability to tolerate various work environments. Id. §§ 404.1545(b,c,d), 416.945(b,c,d); see also §§ 404.1521, 416.921 (listing examples of basic work activities which may be affected by impairments). It is the ALJ's responsibility to assess RFC. Id. §§ 404.1546(c), 416.946(c).

The Commissioner issued Social Security Ruling (SSR) 96-8p "[t]o state the Social Security Administration's policies and policy interpretations regarding the assessment of residual functional capacity (RFC) in initial claims for disability benefits." West's Soc. Sec. Reporting Serv., Rulings 143 (Supp. 2011). The Ruling explains that assessment of RFC involves a function-by-function consideration of each work-related ability before expressing the RFC in terms of the exertional categories of "sedentary," "light," "medium," and so forth. West's Soc. Sec. Reporting Serv., Rulings at 143, 145-46. Failure to perform a function-by-function assessment may result in improper findings at step four regarding plaintiff's ability to perform his past relevant work as it is generally performed in the national economy or at step five regarding plaintiff's ability to perform other work in the national economy. Id. at 145-46 (also see examples 1-3, p. 146).

### B.     The ALJ's Findings

As the parties agree, the ALJ determined that Plaintiff has the RFC "to perform the full range of medium work." (R. 16). The ALJ noted Dr. Raju's opinion that Plaintiff's allegations of functional limitations are not supported by objective findings, and she

stated that Dr. Raju opined that Plaintiff "is capable of [the] residual functional capacity" assessed by the ALJ. (R. 18). She accorded Dr. Raju's opinion "great weight" because it was made after a thorough review of the record and because it was consistent with the record as a whole. Id.

### C.   Analysis

Contrary to the ALJ's assertion, Dr. Raju did not find Plaintiff capable of the RFC assessed by the ALJ. Dr. Raju opined that Plaintiff had the exertional capacity for work at the "medium" exertional level. (R. 402). Dr. Raju opined that Plaintiff had no postural limitations, no manipulative limitations, no visual limitations, and no communicative limitations. (R. 403-05). However, Dr. Raju opined that Plaintiff had environmental limitations "due to history of lung disease," and must "avoid concentrated exposure" to extreme heat, extreme cold, wetness, humidity, and fumes, odors, dusts, gases, poor ventilation, etc. (R. 405). Because Dr. Raju found that Plaintiff has environmental limitations, Dr. Raju necessarily did not find that Plaintiff has the RFC for a full range of medium work. The ALJ, on the other hand, found that Plaintiff has the RFC "to perform the full range of medium work," and did not find any other limitations, including environmental limitations. (R. 16).

Despite this inconsistency, the ALJ purported to accord "great weight" to Dr. Raju's opinion, did not explain why she did not accept the environmental limitations opined by Dr. Raju, did not acknowledge the disagreement between Dr,. Raju's opinion and the RFC assessed, and, in fact, asserted that Dr. Raju's opinion was the same as the

16

RFC assessed in the decision. This is error requiring remand, because if the ALJ's RFC assessment conflicts with a medical source opinion, the ALJ must explain why she did not adopt the opinion. SSR 96-8p, Soc. Sec. Report Serv., Rulings at 150 (Supp. 2011). She did not do so here. Had the ALJ performed a proper function-by-function assessment of Plaintiff's work-related abilities before determining Plaintiff was capable of a full range of medium work, she would likely have recognized the environmental limitations resulting from Plaintiff's lung disease or, at least have recognized that Dr. Raju's opinion included environmental limitations.

Because the ALJ erred in not discussing Ms. Greene's opinion, and because she erred in failing to perform a function-by-function assessment of Plaintiff's work-related physical limitations, this case must be remanded for further proceedings consistent with this opinion.

**IT IS THEREFORE ORDERED** that the Commissioner's decision is REVERSED, and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this decision.

Dated this 5th day of April 2012, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**